UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APPLIED RESEARCH INVESTMENTS, LLC,<br><br>                Plaintiff,<br><br>-against-<br><br>MARK LIN, ALPHA-LAB ASSET MANAGEMENT INC.,<br><br>                Defendants,<br><br>-and-<br><br>MARK LIN,<br><br>                Counter and Third-Party Plaintiff,<br><br>-against-<br><br>APPLIED RESEARCH INVESTMENTS, LLC; and AMIRA STRASSER,<br><br>                Counter and Third-Party Defendants. | Civ. Action No. 1:22-cv-07100 (VSB)<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Plaintiff / Counter Defendant Applied Research Investments, LLC and Third-Party Defendant Amira Strasser, through their counsel of record, Davidoff Hutcher & Citron LLP, and Defendant and Counter and Third-Party Plaintiff Mark Lin, through his counsel of record, Meister Seelig & Fein PLLC, respectfully submit this proposed Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure to protect confidential information and materials that may be made available in the course of discovery in this action.

It is hereby STIPULATED AND AGREED by and between the undersigned counsel and all parties hereto, as follows:

1.  This Stipulated Confidentiality and Protective Order (the "Stipulated Order") shall govern the disclosure and use by the parties to the above-captioned action (the "Action") and all persons agreeing to be bound by or on actual notice of the terms of this Stipulated Order (including non-party witnesses) (collectively, the "Stipulation Parties" and each a "Stipulation Party"), of all documents, testimony, exhibits, interrogatory answers, and any other materials and information ("Discovery Materials") produced or disclosed by any person in connection with the Action.

2.  Discovery Materials may be designated by the natural or legal person producing them in the manner permitted herein (the "Designating Person").  All such designated Discovery Material shall constitute "Designated Material" under this Stipulated Order.  The designations to be used for such purpose shall be "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Where Discovery Material has been initially produced without a designation of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," such designations may be made subsequently on notice to all Stipulation Parties within fourteen (14) days after the initial production. Thereafter, all Stipulation Parties will treat such Designated Material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." In addition, the Designating Person shall provide each other party with replacement versions of such Designated Material that bears the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designations within five (5) business days of providing such notice. In the event a Designating Person produces two or more copies of a document of which at least one copy is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and at least one copy is not so designated, once such discrepancy is actually discovered by any Stipulation Party, that

Stipulation Party shall treat all copies of the document as CONFIDENTIAL or ATTORNEY'S EYES ONLY.

3.  Any Discovery Materials produced or disclosed by a Designating Person that the Designating Person reasonably believes in good faith to constitute, include, contain, refer, or relate to previously non-disclosed: (i) trade secrets or other confidential research and development; (ii) sensitive business information (including without limitation business plans, product-development information, marketing plans, or material relating to ownership or control of any non-public company), financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins), proprietary information, commercial information, and/or information of a personal or sensitive nature regarding any individual that may properly be the subject of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; or (iii) information protectible under Rule 26(c) of the Federal Rules of Civil Procedure that the Designating Person regards and treats as confidential, may be designated as "CONFIDENTIAL" by the Designating Person, provided the Designating Person has consented to be bound by this Stipulated Order.  Information that has been made public by the Designating Person or with the Designating Person's consent shall not be designated as "CONFIDENTIAL."

4.  Any Discovery Materials produced or disclosed by a Designating Person that meet the requirements to be designated "CONFIDENTIAL" may be designated as "ATTORNEY'S EYES ONLY" if the Designating Person reasonably believes in good faith that the Discovery Materials constitute, include, contain, refer, or relate to previously non-disclosed sensitive, confidential, or proprietary technical, business, or financial information that will result in competitive or other harm if every individual who is entitled to review material designated

"CONFIDENTIAL" has access to it. Examples of such Discovery Materials include trade secrets, highly confidential business information, and proprietary personnel information.

    5.    Discovery Materials designated as CONFIDENTIAL may be disclosed only to the following persons:

    a. *Parties*: Designated Material may be disclosed to parties to this Action or directors, officers, principals, agents, or employees of parties to the Action who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the Action for trial or settlement.

    b. *Witnesses or Prospective Witnesses*: Designated Material may be disclosed to a witness or prospective witness in the Action, but only for purposes of testimony or preparation of testimony in this case and only if the inquiring attorney reasonably believes the witness can provide related relevant testimony, whether at trial, hearing, or deposition, but Designated Material may not be retained by the witness or prospective witness.

    c. *Outside Experts:* Designated Material may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the Action.

    d. *Counsel:* Designated Material may be disclosed to counsel of record and in-house counsel for parties to the Action, and other Stipulation Parties and their partners, associates, paralegals, and regularly employed office staff.

    e. *Other Persons:* Designated Material may be provided as necessary to court reporters, copying services, e-discovery vendors, translators, investigators, litigation consultants, litigation support firms, and/or mediators (who are involved in settlement discussions between the parties) in connection with the Action.

    f. *Judicial Authorities:* Designated Material may be disclosed to the Court in the Action, including any appellate court having jurisdiction over the same, in the manner and for the purposes described herein, subject to the provisions of paragraph 14 of this Stipulated Order.

6. Discovery Materials designated as ATTORNEY'S EYES ONLY may be viewed only by:

    a. *Counsel:* As defined in paragraph 5 above.

    b. *Outside Experts:* As defined in paragraph 5 above.

    c. *Other Persons:* As defined in paragraph 5 above.

    d. *Judicial Authorities:* As defined in paragraph 5 above.

7. All Discovery Materials that have been designated as ATTORNEY'S EYES ONLY, and any and all reproductions of those Discovery Materials, must be retained in the custody of the Counsel for the receiving person, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as necessary for their participation in this litigation, but only during the course of this litigation.

8. Prior to disclosing or displaying any Designated Material to any witness, prospective witness, or outside expert pursuant to paragraphs 5(b) and (c) or 6(b), counsel shall:

    a. Provide the person with a copy of this Stipulated Order;

    b. Inform the person of the confidential nature of the Designated Material;

    c. Inform the person that use of the Designated Material by him/her for any purposes other than those expressly set forth herein is prohibited;

    d. Have the person execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as **Exhibit A**.

9. Recipients of Designated Material may use such material solely for the prosecution and defense of this Action and any appeals thereto, and not for any other purpose or in any other litigation or proceeding. A person having custody of Designated Material shall maintain it in a

manner that limits access to the Designated Material to persons permitted such access under this Stipulated Order.

10. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," thus clearly identifying the Designated Material for which protection is sought under the terms of this Stipulated Order. Designated Material not reduced to documentary form shall be designated by the Designating Person in a reasonably equivalent way.

11. Designating Persons shall use reasonable care to avoid designating as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials that do not need to be designated as such.

12. A party may submit a request in writing to the Designating Person that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within five (5) business days, the objecting party may seek resolution by the Court.

13. Deposition transcripts or portions thereof may be designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" either (a) when the testimony is recorded, in which case the reporter will bind the transcript of the Designated Material in a separate volume and mark it as "Confidential Information Governed by Protective Order" or (b) by written notice to the reporter and all counsel of record, given within thirty (30) days after the Designating Person's receipt of the transcript, in which case the Designating Person shall be responsible for marking the copies of the designated transcript or portion thereof and circulating the transcript to all counsel of record. Pending expiration of the thirty (30) days, the entire deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed

under paragraph 4 of this Stipulated Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 4 of this Order and the exhibit and related transcript pages shall receive the same confidentiality designation as the original Designated Material.

14. Any Stipulation Party who wishes to file any Designated Material with the Court in the Action shall, prior to or contemporaneously with that filing, file a motion to seal such Designated Material in a manner consistent with Rule 5 of the Court's Individual Practices. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public, except as otherwise ordered by the Court. Such Designated Material may be sealed by the Court only upon motion and in accordance with applicable law. This Order does not provide for the automatic sealing of such Designated Material, nor is the Court bound by this Order in determining whether to seal any Designated Material.

15. Nothing herein shall be construed to prohibit a Designating Person from filing its own Designated Material with the Court. Nothing herein shall be construed to prohibit a person seeking to file Designated Material with the Court in the Action from reaching agreement with any Designating Person that the Designating Person's Designated Material may be filed without the need for a motion to seal, or may be filed in redacted form.

16. If Designated Material is to be used at trial or in other court proceedings in the Action, the person seeking to use such Designated Material shall confer in good faith with the Designating Person regarding the treatment of such Designated Material in advance of such trial or proceeding.

17. Upon final termination of the Action, including all appeals, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after

entry of final judgment) to the producing person, or certified as destroyed to counsel of record for the producing person, or, in the case of deposition testimony, counsel of record for the Designating Person.  Notwithstanding this provision, counsel of record for the parties in this Action may each retain one archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain Designated Material remain subject to this Order.

18. Inadvertent production of confidential material prior to its designation as such in accordance with this Stipulated Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

19. Nothing in this Stipulated Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.  If a Designating Person becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Person will promptly notify each receiving party in writing of the inadvertent production.  When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material or certify that such material has been destroyed within three (3) business days.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall likewise be destroyed.  Nothing herein shall prevent the receiving party from challenging the propriety of the claimed attorney-client privilege or work product immunity or other applicable privilege designation. During the pendency of such a challenge, each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.

20. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the Designating Person of such information or materials, (iii) collect all copies of such information or materials, and (iv) return such information or materials to the Designating Person.

21. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material or for modification of this Stipulated Order; or to seek any other relief from the Court.

22. Each Stipulation Party shall have the responsibility, through counsel, to advise any Designating Person of any losses or compromises of material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" governed by this Stipulated Order.

23. If, at any time, any Designated Material governed by this Stipulated Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, other than in connection with the Action, the person to whom the subpoena or request is directed shall, to the extent permitted by law, give prompt written notice to the Designating Person and include a copy of such subpoena or request. The person to whom the subpoena or request is directed also shall make all reasonable, good faith efforts to provide the Designating Person with a reasonable period of time in which to seek to quash the subpoena or to move for any protection of the Designated Material prior to its disclosure or production.

24. Upon entry of this Stipulated Order as an Order of the Court in the Action, the restrictions imposed hereunder may be modified or terminated only by further order of the Court.

25. In the event this Stipulated Order does not become an Order of the Court in the Action, it shall be binding on all Designating Persons and may be modified or terminated only by written instrument executed by each and every Designating Person.

Dated: July 30, 2024

*Applied Research Investments, LLC and Amira Strasser*

DAVIDOFF HUTCHER & CITRON LLP

By:/s/Benjamin Noren
   Benjamin Noren, Esq.
   William H. Mack, Esq.
605 Third Avenue, 34th Floor
New York, NY 10158
T: (212) 557-7200

Dated: July 30, 2024

*Mark Lin*

MEISTER SEELIG & FEIN PLLC

By: /s/Christopher J. Major
   Christopher J. Major, Esq.
   Richard J. Jancasz, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
T: (212) 655-3500

IT IS SO ORDERED:

_____
Honorable Vernon S. Broderick
United States District Judge
Dated: August 5, 2024

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APPLIED RESEARCH INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br> -against-<br><br>MARK LIN, ALPHA-LAB ASSET MANAGEMENT INC.,<br><br>    Defendants,<br><br> -and-<br><br>MARK LIN,<br><br>    Counter and Third-Party Plaintiff,<br><br> -against-<br><br>APPLIED RESEARCH INVESTMENTS, LLC; and AMIRA STRASSER,<br><br>    Counter and Third-Party Defendants. | Civ. Action No. 1:22-cv-07100 (VSB) |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

  I, _____, declare and say that:

  1. I am employed as _____ by _____.

11

2. I have read the Stipulated Confidentiality and Protective Order (the "Order") entered in *Applied Research Investments, LLC v. Mark Lin, et al.*, and have received a copy of the Order.

3. I promise that I will use any and all Designated Material (as defined in the Order) given to me only in a manner authorized by the Order.

4. I promise that I will not disclose or discuss such Designated Material with anyone other than the persons described in paragraphs 5 or 6 of the Order, as applicable.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court, Southern District of New York with respect to the enforcement of the Order.

6. I understand that any disclosure or use of Designated Material in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court.

7. I will return or destroy all Designated Material upon request of the person that produced it or their counsel, and I will not retain any copies of such Designated Material or any information contained within Designated Material.

Date: _____    _____
                                                        Signature