UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
             :
APPLIED RESEARCH INVESTMENTS,  :
LLC,                                     :
                  Plaintiff,  :
             :           22-CV-7100 (VSB)
      - against -         :
             :          **OPINION & ORDER**
             :
MARK LIN and ALPHA LAB ASSET  :
MANAGEMENT INC.,             :
             :
                 Defendants.  :
             :
------------------------------------------------------------X

Appearances:

Benjamin Samuel Noren
Matthew Robert Yogg
William Hynes Mack
Davidoff Hutcher & Citron LLP
New York, NY
*Counsel for Plaintiff*

Christopher John Major
Richard Joseph Jancasz
Meister Seelig & Fein PLLC
New York, NY

David Eric Ross
John Bernard Fulfree
Morrison Cohen LLP
New York, NY
*Counsels for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Before me is the motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2),

filed by Defendant Alpha Lab Asset Management Inc. ("Alpha"). (Doc. 38.) Because Plaintiff

failed to establish personal jurisdiction over Alpha, and because Plaintiff consents to the

dismissal of Alpha without prejudice, Defendants' motion to dismiss is GRANTED.

I.      **Factual and Procedural Background**[1]

For the purposes of this motion, I assume familiarity with the background of this case as described in my September 27, 2023 Opinion & Order, (Doc. 34 ("September Opinion")), granting in part and denying in part the motion to dismiss for lack of personal jurisdiction filed by Defendants Alpha and Mark Lin ("Lin"). (Doc. 34.) Therefore, I describe only the history relevant to the instant motion.

Plaintiff filed its initial complaint on August 19, 2022, (Doc. 1), which it refiled on August 22, 2022 due to a filing error, (Doc. 4). On January 4, 2023, Plaintiff filed the first amended complaint. (Doc. 15 ("First Amended Complaint" or "FAC").) On January 24, 2023, Alpha and Defendant Mark Lin ("Lin") filed a motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 23.) As set forth in my September Opinion, because I found that Plaintiff had established personal jurisdiction over Lin, I denied Defendant's motion to dismiss as to Lin. However, because the First Amended Complaint failed to "offer sufficient factual allegations to support alter ego jurisdiction," Plaintiff's only asserted basis for personal jurisdiction over Alpha, I granted Defendant's motion to dismiss Alpha. However, I granted Plaintiff leave to amend his First Amended Complaint to "cure the deficiencies [] and plead fact that establish alter ego jurisdiction over Alpha." (September

---

[1] The facts contained in this section are based upon the factual allegations set forth in the second amended complaint filed by Plaintiff ("Second Amended Complaint" or "SAC"), (Doc. 37), and the declarations filed by the parties in support of and in opposition to the motion to dismiss, (Docs. 39, 40, 49). "Courts may consider materials outside the pleadings on a motion to dismiss for lack of personal jurisdiction without converting it into a summary judgment motion." *Johnson v. UBS AG*, 791 F. App'x 240, 241 (2d Cir. 2019) (summary order). I assume the allegations in the Second Amended Complaint to be true in considering the motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(2). *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). Where the parties "present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor." *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993), as amended (May 25, 1993) (internal quotation marks omitted) ("*Seetransport Wiking*"). My reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

Opinion 1.)

Plaintiff filed the Second Amended Complaint on October 18, 2023.  (Doc. 37.)  On November 1, 2023, Alpha filed its second motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), (Doc. 38), as well as an accompanying memorandum of law, (Doc. 41), and two declarations, (Docs. 39, 40).  On December 4, 2023, in response to Alpha's motion, Plaintiff's counsel filed a declaration (the "Noren Declaration") agreeing to the dismissal of Alpha "without prejudice."  (Doc. 49 ("Noren Decl.") ¶ 2.)  Plaintiff did not file a substantive opposition nor any supporting declarations.  As set forth in the Noren Declaration, although Plaintiff advised Alpha of its consent to the dismissal of Alpha without prejudice and sought to resolve Alpha's motion by stipulation, Alpha rejected this proposal.  (*Id.* ¶ 3.)  Alpha filed its reply on December 22, 2023, setting forth its position that the Second Amended Complaint should be dismissed with prejudice as to Alpha.  (Doc. 50.)

## II.     Legal Standard

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).  However, a "federal court faced with a 'straightforward' personal jurisdiction issue may decide the personal jurisdiction question first if resolving that issue terminates the case."  *Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 124 (S.D.N.Y. 2021) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999)).

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit."  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir.

2010).  Where the court has chosen not to conduct an evidentiary hearing on the motion, a plaintiff need only make a prima facie showing that jurisdiction exists.  *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005); *see also Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) ("'In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.'" (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013))).  "On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court may look beyond the four corners of the complaint and consider materials outside the pleadings, including accompanying affidavits, declarations, and other written materials." *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 115 n.1 (S.D.N.Y. 2020); *see also Johnson*, 791 F. App'x at 241 ("Courts may consider materials outside the pleadings on a motion to dismiss for lack of personal jurisdiction without converting it into a summary judgment motion.")

Plaintiff's "prima facie showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'"  *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)).  Plaintiff's averments "must be taken as true to the extent they are uncontroverted by the defendant's" submissions.  *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking*, 989 F.2d at 580).  If the defendant's submissions conflict with the plaintiff's averments, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport Wiking*, 989 F.2d at 580 (internal quotation marks omitted).

### III.  Discussion

In declining to file an opposition arguing that I have personal jurisdiction over Alpha and instead opting to file a declaration, Plaintiff essentially concedes that it has not met its burden of demonstrating personal jurisdiction over Alpha.  Although Plaintiff refers to certain allegations in the Second Amended Complaint and summarily argues that any conflicting factual accounts as between Alpha and Plaintiff should be resolved in is favor, (*see* Noren Decl. ¶ 7), Plaintiff has not provided any factual basis, in any affidavit, disputing Alpha's account.  *Doe v. Del. State Police*, No. 10-CV-3003, 2013 WL 1431526, at *3 (S.D.N.Y. Apr. 4, 2013) (finding that a court is "'not bound to accept as true a legal conclusion couched as a factual allegation,' and a plaintiff may not rely on 'conclusory non-fact-specific jurisdictional allegations' to overcome a motion to dismiss" (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998))).  Despite its "confiden[ce] that Alpha has conducted business in New York," which it insists will be "revealed through discovery," Plaintiff does not move for jurisdictional discovery, noting the delay that such course would cause to the resolution of this action.  (Noren Decl. ¶ 7.)  Even if, however, Plaintiff had made such a request, I would deny it as futile.  Plaintiff has failed to establish a prima facie case for personal jurisdiction, *see Jazini*, 148 F.3d at 186, and has failed to establish a "genuine issue of jurisdictional fact", *Daventree v. Republic of Azer.*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citation omitted).  Moreover, in exercising my discretion to determine whether plaintiff is entitled to conduct jurisdictional discovery, I need not grant discovery to "allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts."  *Langenberg v. Sofair*, No. 03-CV-8339, 2006 WL 2628348, at *6–7 (S.D.N.Y. Sept. 11, 2006) (citing *Gear, Inc. v. L.A. Gear Cal., Inc.*, 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986)).  Here although Plaintiff cites its "confiden[ce]" that discovery will establish the requisite minimum

5

contacts with New York to establish my jurisdiction over Alpha as grounds for my dismissing Alpha without prejudice, not as support for any request for jurisdictional discovery, I note that this argument, is, in fact, a request to engage in the very type of "unfounded fishing expedition" that the law does not permit.  *Gear*, 637 F. Supp. at 1328; *see also RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) (denying plaintiff's request for jurisdictional discovery and characterizing plaintiff's "expectation" that discovery will uncover additional evidence as an "unfounded fishing expedition" (quoting *Gear*, 637 F. Supp. at 1328)).

In addition, although Plaintiff consents to dismissal without prejudice and has not, at this stage, sought leave to replead in connection with the instant motion, "leave to amend should be freely granted 'when justice so requires.'"  *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)).  Alpha argues that because any amendment would be futile, I should dismiss Plaintiff's claims against Alpha with prejudice.  (Doc. 50 at 3.)  At this stage, however, because I lack jurisdiction, I do not have authority to dismiss Plaintiff's claim with prejudice.  *See Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 449 (2d Cir. 1978) (observing that whether a dismissal is with or without prejudice refers to the "[r]es judicata effect of a dismissal," which is distinct from whether leave to amend should be granted); *see also Sinochem*, 549 U.S. at 430–31 ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."); *Vandor, Inc. v. Militello*, 301 F.3d 37, 38–39 (2d Cir. 2002) ("[A]bsent jurisdiction federal courts do not have the power to dismiss with prejudice." (internal quotation marks and emphasis omitted)).  However, because Plaintiff has not even attempted to set forth a sufficient basis for my jurisdiction over Alpha despite having

6

been afforded three opportunities to do so, Plaintiff will not be permitted to further amend the Second Amended Complaint. *See Douglas v. Abrams Child. Books*, No. 13-CV-2613, 2014 WL 12909009, at *10 (S.D.N.Y. Sept. 26, 2014) ("Plaintiff's failure to fix the defects, after being provided with notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.") (collecting cases); *Smith v. United States*, 554 F. App'x 30, 32 n.2 (2d Cir. 2013) (summary order) (instructing that where repleading in the same district cannot "cure the jurisdictional defect," courts should dismiss a claim for lack of personal jurisdiction without prejudice but deny leave to amend).

## IV.     Conclusion

For the reasons stated above, Defendants' motion to dismiss is GRANTED and Alpha is hereby DISMISSED as a defendant without prejudice. To the extent that Alpha requests leave to amend—and it is not clear that it does—that request is DENIED. The Clerk of Court is respectfully directed to close the motions at Doc. 38.

SO ORDERED.

Dated: March 28, 2025
       New York, New York

_____
Vernon S. Broderick
United States District Judge