UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
APPLIED RESEARCH INVESTMENTS, LLC,

                     Plaintiff,                              **ORDER**

             -against-                    **22-CV-7100 (VSB) (JW)**

MARK LIN, *et al.*,

                    Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letter motion to redact portions of the deposition transcript of Amira Strasser ("Strasser"), filed as an exhibit to Defendant's Motion for Summary Judgment. Dkt. No. 89. Plaintiff specifically seeks to redact portions of Strasser's deposition transcript that discuss the "size of certain investments by third-parties, which were managed by Plaintiff." Id. Defense counsel does not object to the request. Id. For the reasons stated below, Plaintiff's request is GRANTED.

When considering a motion to seal, courts in this District first determine whether or not the document requested to be sealed is a "judicial document." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). If found to be a "judicial document," the next step is to balance the common law right of public access—which attaches to judicial documents—against any countervailing factors. Id. Finally, courts must ensure that sealing requests are narrowly tailored in relation to the countervailing factors. Id. at 120. (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

The deposition transcript attached to Defendant's Motion for Summary Judgment is a judicial document. <u>Lugosch</u>, 435 F.3d at 121. However, the specific portions of the transcript Plaintiff seeks to redact "play only a negligible role in the performance of Article III duties [and] are accorded only a low presumption that amounts to little more than a prediction of public access absent a countervailing reason." <u>Brown v. Maxwell</u>, 929 F.3d 41, 49-50 (2d. Cir. 2019). Given the confidential business information in the portions of the transcript Plaintiff seeks to redact, the countervailing privacy concerns outweigh the public's need for access. <u>See</u> <u>e.g.</u> <u>MN Theaters 2006 LLC v. Grupo Cinemex, S.A. de C.V.</u>, No. 20 Civ. 5860 (PKC), 2020 WL 13832736, at *1 (S.D.N.Y. Sept. 9, 2020) (granting leave to file a document with redacted confidential non-public financial information). Finally, Plaintiff's request is narrowly tailored to only those portions of the transcript that reference confidential business information. Accordingly, Plaintiff's motion is GRANTED and Dkt. No. 79-2 shall be replaced with Dkt. 89-1.

**The Clerk of Court is respectfully requested to close Dkt. No. 89.**

SO ORDERED.

DATED:    New York, New York
          May 5, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

2